IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| R.E. BRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:12CV20-HEH |
| | ) |
| JAMES W. STEWART, III, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION
### (Denying Respondent's Motion to Dismiss)

Raymond E. Britt, a Virginia state detainee proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his commitment as a sexually violent predator by the Circuit Court for the City of Newport News ("Circuit Court"). Respondent[1] moves to dismiss on the ground that Britt has not exhausted his state court remedies and has procedurally defaulted his claims. Britt has replied. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. State Proceedings

On September 7, 2011, the Circuit Court entered final judgment against Britt finding him to be a sexually violent predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* (West 2012). Under the authority of sections

---

[1] Although Britt names two individuals as Respondents, Kimberly Runion, Director of the Virginia Center for Behavioral Rehabilitation Services, and James Stewart, III, Commissioner of the "Department of Mental Health and Mental Retardation and - Substance Abuse Services" (§ 2254 Pet. 1), the Attorney General's Office for the Commonwealth of Virginia filed a response only on behalf of Stewart ("Respondent"). The Attorney General will be directed to file a response explaining its lack of response for Runion.

37.2–908 and 37.2–909 of the Virginia Code, the Circuit Court committed Britt to the custody of the Commissioner of the Virginia Department of Behavioral Health and Departmental Services ("DBHDS"). Sexually Violent Predator & Commitment Order, *Commonwealth v. Britt*, No. CL10-00716V-04 (Va. Cir. Ct. Sept. 7, 2011).[2] Britt filed neither an appeal nor a petition for a writ of habeas corpus in state court. (Br. Supp. Mot. Dismiss 2; Mot. Return 2.)

### B. Federal Proceedings

On January 9, 2012, the Court received Britt's § 2254 Petition. In his § 2254 Petition, Britt contends:

> Claim One: Section 37.2-900 *et seq.* of the Virginia Code is an unlawful bill of attainder under Article I, Section 9 and 3 of the U.S. Constitution.[3] (§ 2254 Pet. 2.)
>
> Claim Two: Civil commitment violates the Fourteenth Amendment[4] because it is used "to single out one group of people ex-sex offenders." (*Id.* at 3 (capitalization corrected).)
>
> Claim Three: Civil commitment violates the Thirteenth Amendment[5] because it amounts to slavery. (*Id.*)

---

[2] The Circuit Court scheduled Britt's annual review hearing for September 5, 2012. Sexually Violent Predator & Commitment Order 2, *Commonwealth v. Britt*, No. CL10-00716V-04 (Va. Cir. Ct. Sept. 7, 2011)

[3] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. Art. I § 9, cl. 3.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[5] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1.

## II. EXHAUSTION OF STATE REMEDIES AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must use all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced through the federal habeas petition. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including

3

a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[6] The burden of pleading and proving that a claim is procedurally

---

[6] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (*citing Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

4

defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## B. Analysis

Respondent argues that Britt failed to exhaust his state court remedies in accordance with Virginia's chosen procedural scheme. Respondent notes that Britt filed neither an appeal of the Circuit Court's decision nor a petition for a writ of habeas corpus in state court. Respondent further contends that Britt's claims are simultaneously procedurally defaulted pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because they could have been, but were not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* holds that a state prisoner may not obtain state habeas relief by raising a non-jurisdictional claim of error in state habeas proceedings that he could have but did not raise at trial or on direct appeal. *Id.* at 682 (citing cases for the proposition that "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error"). Courts have held on several occasions that the *Slayton* rule generally provides an adequate bar to federal habeas review. *See, e.g., Wright v. Angelone*, 151 F.3d 151, 159–60 (4th Cir. 1998). However, "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003)

(citing *Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003)). "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court . . . ." *Brown*, 319 F.3d at 169 (*citing Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). In making this adequacy determination, the courts ask "whether the particular procedural bar is applied consistently to cases that are procedurally analogous." *McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000).

Here, Respondent fails to cite any cases showing that Virginia courts have regularly and consistently applied *Slayton* to bar claims not raised on direct appeal in a civil commitment proceeding. *See Jones*, 591 F.3d at 716 (citing cases for the proposition that "the burden rests with a state to prove the adequacy of the relied-on procedural bar"). Moreover, Respondent fails to address Britt's suggestion that any failure to pursue his claims on direct appeal flows from the deficient performance of counsel who failed to file an appeal as Britt directed. Specifically, Britt contends that he "[d]enies that he did not request an appeal [a]nd that he [d]emanded an appeal of his civil commitment sentence. That [a] failure of proper legal counsel to perfect his appeal is grounds to raise his issues now!" (Resp. Mot. Dismiss at 2, ECF No. 13.) Accordingly, Respondent has failed to show that Britt has procedurally defaulted his claim.

### III. CONCLUSION

For the reasons set forth above, Respondent fails to carry his burden and demonstrate that Britt's claims are procedurally barred from review here. Accordingly, Respondent's Motion to Dismiss (ECF No. 9) will be denied without prejudice.

Respondent is directed, within thirty (30) days of the date of entry hereof, to file a further response, which raises any procedural defenses and must address the merits of Britt's claims.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 28, 2013
Richmond, Virginia