IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| R.E. BRITT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES W. STEWART, III, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:12CV20-HEH |

## MEMORANDUM OPINION
(Granting Respondent's Motion for Summary Judgment)

Raymond E. Britt, a Virginia state detainee proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his commitment as a sexually violent predator ("SVP") by the Circuit Court for the City of Newport News ("Circuit Court"). By Memorandum Opinion and Order entered January 29, 2013, this Court denied Respondent's Motion to Dismiss and ordered further briefing. *Britt v. Stewart*, No. 3:12CV20–HEH, 2013 WL 357212, at *3 (E.D. Va. Jan. 29, 2013.) Respondents[1] have filed a Supplemental Brief in Support of Motion to Dismiss. (ECF No. 18). By Memorandum Order entered September 19, 2013, the Court provided notice of its intent to convert the Motion to Dismiss into a Motion for

---

[1] In its original response, the Attorney General's Office for the Commonwealth of Virginia responded only on behalf of James Stewart, III, Comissioner of the Virginia Department of Behavioral Health and Developmental Services. Counsel has now filed the response on behalf of both Kimberly Runion, Facility Director of the Virginia Center for Behavioral Rehabilitation, and Stewart.

Summary Judgment and provided Britt with *Roseboro*[2] notice. (ECF No. 21.)[3] The matter is now ripe for disposition. As discussed below, the Court finds Britt's claims are defaulted and lack merit.

## I. PROCEDURAL HISTORY

### A. State Proceedings

On September 7, 2011, the Circuit Court entered final judgment against Britt finding him to be a sexually violent predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* (West 2012) ("SVPA"). Under the authority of sections 37.2–908 and 37.2–912 of the Virginia Code, the Circuit Court committed Britt to the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"). Sexually Violent Predator & Commitment Order at 1–3, *Commonwealth v. Britt*, No. CL10-00716V-04 (Va. Cir. Ct. Sept. 7, 2011).[4] Britt filed neither an appeal nor a petition for a writ of habeas corpus in state court. (Br. Supp. Mot. Summ. J. 2; Pet'r's Mot. Return 2.)

### B. Federal Proceedings

On January 9, 2012, the Court received Britt's § 2254 Petition. In his § 2254 Petition, Britt contends:

---

[2] *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

[3] The Court has converted Respondents' Motion to Dismiss to a Motion for Summary Judgment. For ease of reference, the Court refers to Respondents' Supplemental Brief in Support of Motion to Dismiss (ECF No. 18) as a Brief in Support of Motion for Summary Judgment.

[4] The Circuit Court scheduled Britt's annual review hearing for September 5, 2012. Sexually Violent Predator & Commitment Order at 2, *Commonwealth v. Britt*, No. CL10-00716V-04 (Va. Cir. Ct. Sept. 7, 2011).

2

> Claim One: Section 37.2-900 *et seq.* of the Virginia Code is an unlawful bill of attainder under Article I, Section 9 and 3 of the U.S. Constitution.[5] (§ 2254 Pet. 2.)
>
> Claim Two: Civil commitment violates the Fourteenth Amendment[6] because it is used "to single out one group of people ex-sex offenders." (*Id.* at 3 (capitalization corrected).)
>
> Claim Three: Civil commitment violates the Thirteenth Amendment[7] because it amounts to slavery. (*Id.*)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate

---

[5] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[7] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1.

3

'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). Moreover, not all disputes of fact preclude summary judgment. Instead, "the requirement is that there be no genuine issue of material fact." *Id.* at 248. With respect to materiality, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

As to genuineness, the nonmoving party "must produce . . . evidence that creates a fair doubt; wholly speculative assertions will not suffice." *Bongam v. Action Toyota, Inc.*, 14 F. App'x 275, 280 (4th Cir. 2001) (internal quotation marks omitted). "A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'" *M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993) (quoting *Anderson*, 477 U.S. at 249–50). Nor will mere "'metaphysical doubt as to the material facts'" create a genuine dispute. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Thus, "[t]he nonmovant can show that a dispute is genuine only if it provides sufficient evidence so that a 'reasonable jury

could return a verdict for the nonmoving party.'" *Wiggins v. DaVita Tidewater LLC*, 451 F. Supp. 2d 789, 796 (E.D. Va. 2006) (quoting *Anderson*, 477 U.S. at 248).

In support of their Motion for Summary Judgment, Respondents submit the affidavit of Britt's trial counsel, Stephen A. Hudgins (Br. Supp. Mot. Summ. J. Ex. 3, ("Hudgins Aff."), ECF No. 18-4) and the affidavit of Kimberly Runion (*id.* Ex. 4 ("Runion Aff."), ECF No. 18-5).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Britt fails to cite the Court to any evidence, such as his § 2254 Petition, which is unsworn, or his previously filed sworn "Motion of Return" (ECF No. 13), that he wishes the Court to consider in opposition to the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Britt's complete failure to present any evidence to counter Respondents' Motion for Summary Judgment permits the Court to rely solely on Respondents' submissions in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))). Moreover, even if the Court considers the admissible evidence in Britt's Motion of Return, and draws all permissible inferences in favor of Britt, it falls short of defeating Respondents' Motion for Summary Judgment.

## III. ASSERTION OF EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that Britt failed to exhaust his state court remedies in accordance with Virginia's chosen procedural scheme. Britt filed neither an appeal of the Circuit Court's decision committing Britt as a SVP nor a petition for a writ of habeas corpus in state court. Respondents further contend that Britt's claims are simultaneously procedurally defaulted pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because they could have been, but were not, raised on direct appeal to the Supreme Court of Virginia. In their Supplemental Brief in Support of Motion for Summary Judgment, Respondents cite five cases demonstrating that Virginia courts have regularly and consistently applied *Slayton* to bar claims not raised on direct appeal in a civil commitment proceeding. (Mem. Supp. Mot. Summ. J. 4–5 (citing *Richardson v. Dir. of Va. Ctr. for Behav'l Rehab.*, No. 110662, at 7–8 (Va. Feb. 28, 2013); *Ballou v. Dir. of Dep't of Corr.*, No. 121279, at 1–3 (Va. Jan. 3, 2013); *Garrett v. Dir. of Va. Ctr. for Behav'l Rehab.*, No. 110728, at 3 (Va. July 27, 2011); *Huff v. Dir. of Va. Ctr. for Behav'l Rehab.*, No. 092208, at 1 (Va. Feb. 8, 2010); *Buffalo v. Commonwealth*, No. 911497, at 1 (Va. Nov. 14, 1991)); *see also Ramsey v. Runion*, No. 2:11cv396, at 11 (E.D. Va. May 31, 2012) (finding *Slayton* barred from federal habeas review claims not raised in an appeal from a civil commitment proceeding), *adopted and approved*, 2012 WL 3883378, at *8 (E.D. Va. Sept. 5, 2012), *appeal dismissed*, 488 F. App'x 759 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 1607 (2013)). As demonstrated by Respondents, Virginia courts have regularly and consistently applied *Slayton* to bar claims that could have been, but were not, raised on direct appeal in civil commitment proceedings. Thus, *Slayton* constitutes

6

an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Consequently, *Slayton* bars review of Britt's defaulted claims unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Britt argues that counsel caused Britt to default his claims because he failed to file an appeal of his civil commitment. Specifically, in his sworn Motion of Return, Britt states that he "[d]enies that he did not request an appeal [a]nd that he [d]emanded an appeal of his civil commitment sentence. That [a] failure of proper legal counsel to perfect his appeal is grounds to raise his issues now!" (Pet'r's Mot. Return 2, ECF No. 13.) Britt's trial counsel's testimony disputes the assertion that Britt demanded counsel to appeal. Counsel swears that Britt never asked him to raise any of the claims raised in the present habeas action on appeal. (Hudgins Aff. ¶ 9.) Furthermore, counsel swears that Britt never requested an appeal. (*Id.* ¶ 10.) Instead, counsel avers that Britt agreed with counsel's assessment that there were no potentially successful grounds for appeal. (*Id.*) Counsel avers that Britt also informed counsel that "he planned to file a Federal action involving a claim that civil commitment in Virginia amounted to involuntary servitude." (*Id.*) Thus, a material dispute of fact remains about whether Britt requested an appeal and whether his counsel's failure to appeal serves as cause for Britt's default. Nevertheless, as explained below, Britt's claims are readily dismissed as lacking in merit. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

## IV. BILL OF ATTAINDER

Britt contends that section 37.2–900 *et seq.* of the Virginia Code is an unconstitutional bill of attainder. The Supreme Court has defined a bill of attainder as a "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of Gen's Servs.*, 443 U.S. 425, 468 (1977). Thus, "[t]o constitute a bill of attainder, the statute must (1) specify affected persons, (2) impose punishment, and (3) fail to provide for a judicial trial." *Planned Parenthood of Mid-Missouri & Eastern Kansas, Inc.*, 167 F.3d 458, 465 (8th Cir. 1999) (citing *Selective Serv. Sys. v. Minnesota Pub. Interest Res. Grp.*, 468 U.S. 841, 847 (1984)); U.S. Const. art. I, § 9, cl. 3. Britt's claim fails because he fails to satisfy the second and third elements of the inquiry.

First, the SVPA is not punitive in nature. *See Shivaee v. Commonwealth*, 613 S.E.2d 570, 578 (Va. 2005); *cf. Orfield v. Virginia*, No. 3:12CV541–HEH, 2012 WL 3561920, at *2 (E.D. Va. Aug. 12, 2012) (explaining that "[s]ince registration of sex offenders is not punitive, it likewise does not run afoul of constitutional prohibitions on Bills of Attainder . . ." (citing *Smith v. Doe*, 538 U.S. 84, 97 (2003))). This alone forecloses Britt's claim. Second, despite Britt's argument to the contrary, the SVPA provides for a judicial trial and, thus, cannot be a bill of attainder. *See Rancourt v. Massachusetts*, No. 88–0809–MA, 1988 WL 73437, at *1 (D. Mass. June 27, 1988) (finding that Massachusetts sexually dangerous person civil commitment law was not a bill of attainder because it was "not a legislative usurpation of the judicial function" because "the statute provides for safeguards . . . such as a full judicial hearing . . .). The

8

record demonstrates that after a trial, the Circuit Court entered final judgment against Britt, found him a sexually violent predator pursuant to the SVPA and committed him to the custody of the DHDBS. Sexually Violent Predator & Commitment Order, *Commonwealth v. Britt*, No. CL10–00716V–04, at 1–3 (Va. Cir. Ct. Sept. 7, 2011). Thus, Britt fails to establish that the prohibition against bills of attainder applies to his civil commitment. *See Tolleson v. Livingston*, No. 2:12–CV–00201, 2013 WL 1827769, at *2 (S.D. Tex. Apr. 30, 2013) (finding "prohibition on bills of attainder has no application" to Texas sexually violent predator civil commitment statute); *Rancourt*, 1988 WL 73437, at *1. Claim One will be dismissed.

## V. FOURTEENTH AMENDMENT

In Claim Two, Britt argues that the SVPA violates the Fourteenth Amendment because it is used "to single out one group of people ex-sex offenders by removing their rights to liberty by civil commitment . . . ." (§ 2254 Pet. 3 (capitalization, spelling, and punctuation corrected).) Britt is incorrect. The Supreme Court has rejected substantive due process challenges to similar sexual violent predator commitment statutes. *See Kansas v. Hendricks*, 521 U.S. 346, 356–58 (1997). The Supreme Court explained that it has "sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'" *Id.* at 358 (citations omitted). The Supreme Court concluded that the Kansas Sexually Violent Predator Act ("KSVPA") "is plainly of a kind with these other civil commitment statutes: It requires a finding of future dangerousness, and then links that finding to the existence of a 'mental abnormality' or 'personality disorder' that

9

makes it difficult, if not impossible, for the person to control his dangerous behavior." *Id.* (quoting Kan. Stat. Ann. § 59-29a02(b) (1994)).

Similar to the KSVPA in *Hendricks*, the Virginia statute explains that commitment proceedings can be initiated against a "person who (i) has been convicted of a sexually violent offense . . . and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Va. Code Ann. § 37.2–900. The Virginia code defines a mental abnormality as "a congenital or acquired condition that affects a person's emotional or volitional capacity and renders the person so likely to commit sexually violent offenses that he constitutes a menace to the health and safety of others." *Id.* Accordingly, Britt's substantive due process challenge fails.

Britt also fails to identify any specific procedural deficiency in his commitment proceedings. Britt fails to demonstrate that his commitment pursuant to the SVPA took place without proper procedural safeguards or without a finding that he met the prerequisites for involuntary commitment. *See Hendricks*, 521 U.S. at 357–60. The mental health professionals who examined Britt diagnosed him as suffering from pedophilia, a condition categorized by the psychiatric profession as a serious mental disorder. Sexually Violent Predator Evaluation Report at 16–17, *Commonwealth v. Britt*, No. CL10-00716V-04; *see Hendricks*, 521 U.S. at 360. Similar to Hendricks, Britt's "diagnosis as a pedophile, which qualifies as a 'mental abnormality' under the [SVPA], thus plainly suffices for due process purposes." *Hendricks*, 521 U.S. at 360. Moreover, the record demonstrates that after a trial, the Circuit Court found by clear and convincing

evidence that Britt had been previously convicted of a sexually violent offense, had a mental abnormality or personality disorder, and "[b]ecause of . . . his mental abnormality or personality disorder, [Britt] finds it difficult to control his predatory behaviors, which makes him likely to engage in sexually violent acts . . . ." Sexually Violent Predator & Commitment Order at 1–2, *Commonwealth v. Britt*, No. CL10-00716V-04 (Va. Cir. Ct. Sept. 7, 2011). Britt fails to establish a due process violation and Claim Two will be dismissed.[8]

## VI. THIRTEENTH AMENDMENT

The Thirteenth Amendment prohibits slavery or involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted . . . ." U.S. Const. amend. XIII, § 1. Britt argues that as a civil committee he has been forced to work without pay in violation of the Thirteenth Amendment. Britt states in sum:

> The fact that the civil committed in Virginia are being worked at jobs such as recycling, netting the Commonwealth of Virginia thousands of dollars profits, yet, none of these civil committed workers are paid one red cent for their efforts, this is a clear violation of the 13th Amendment, that Virginia has thus-created ["SLAVERY"] in Virginia under civil commitment again!

(§ 2254 Pet. 3 (capitalization, spelling, and spacing corrected) (alteration in original).)

Britt fails to submit evidence that he personally has been forced to work without pay during his civil commitment, thus foreclosing his Thirteenth Amendment claim. Moreover, Respondent Kimberly Runion explains that residents committed at the Virginia Center for Behavioral Rehabilitation ("VCBR") are not required to work, but are

---

[8] To the extent that Britt intends to raise an equal protection challenge, Britt must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Britt fails to make either showing.

11

given voluntary opportunities to work as a form of rehabilitation and receive pay for their services. (Runion Aff. ¶¶ 5–6.) The Work Readiness Program, which includes the recycling project, is not a paying project, but resident participation is entirely voluntary. (Id. ¶ 7, 9–10.) Runion also explains that contrary to Britt's assertion, the Commonwealth receives none of the revenue from the recycling project. (Id. ¶ 9.) Instead, the proceeds are divided evenly between the VCBR's Resident Welfare Fund and the Nottoway County Public Schools, a jointly participating organization. (Id.) Runion avers that, to her knowledge, Britt has never volunteered for the recycling program. (Id. ¶ 10.) Britt fails to establish that he has been forced to work without pay in violation of the Thirteenth Amendment. Accordingly, Claim Three will be dismissed.

## VII. CONCLUSION

The Court will grant Respondent's Motion. Britt's § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Britt fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

12

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 7, 2014
Richmond, Virginia